**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2874

_____

OUSMANE TOUNKARA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-496-738)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2013
Before: SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: January 30, 2013)

_____

OPINION

_____

PER CURIAM

Ousmane Tounkara, proceeding pro se, petitions for review of the Board of

Immigration Appeals' ("BIA") June 7, 2012 decision upholding an immigration judge's

("IJ") denial of his request for asylum. For the reasons that follow, we will dismiss the petition.

I.

Because we write primarily for the parties, we will discuss the background of this case only briefly. Tounkara, a native and citizen of Guinea, was admitted to the United States in 1998 as a nonimmigrant student. After graduating from St. Joseph's University, Tounkara attended West Chester University's graduate program until the fall semester of 2006, at which time he became unable to pay his tuition. He did not register for classes for the spring semester in 2007. Tounkara's nonimmigrant status was terminated on September 26, 2006, because he failed to maintain a full course of study.

DHS commenced removal proceedings on July 19, 2007, charging Tounkara with removability as an alien who, after admission as a nonimmigrant pursuant to 8 U.S.C. § 1101(a)(15)(F), failed to maintain or comply with the conditions of the nonimmigrant status under which he was admitted, see 8 U.S.C. § 1227(a)(1)(C)(i). On September 12, 2007, Tounkara conceded removability and sought asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). (Admin. R. at 558-75.)

The IJ issued an oral decision on July 15, 2010, finding Tounkara removable as charged, granting his request for withholding of removal, and denying his requests for asylum and CAT protection. (Id. at 55.) Specifically, the IJ found that Tounkara established extraordinary circumstances for failing to file an asylum application within one year of his entry into the United States, because he maintained lawful nonimmigrant

2

status as a student until September 26, 2006. (Id. at 64-65.) The IJ concluded, however, that Tounkara's asylum application was not filed within a reasonable period of time after the expiration of his nonimmigrant status because he waited until September 12, 2007, almost a year after his change in status. (Id. at 67.) Tounkara filed a timely appeal, arguing that the IJ erred in determining what constituted a reasonable period in which to file an asylum application after extraordinary circumstances were established. (Id. at 16.) The BIA dismissed his appeal on July 7, 2012, agreeing with the IJ that Tounkara did not file his asylum application within a reasonable time period. (Id. at 7-8.) Tounkara's petition for review followed.

## II.

Tounkara challenges the BIA's finding that he did not file his asylum application within a reasonable period of time after the expiration of his nonimmigrant status (Pet'r Br. at 3). See 8 U.S.C. §§ 1158(a)(2)(B) and (D). Respondent argues that the only issue presented in this case is whether we have jurisdiction to review the BIA's conclusion that Tounkara's asylum application was not timely filed. (Resp't. Br. at 2.)

It is well-settled that we lack jurisdiction to review a decision that an asylum application is untimely. See 8 U.S.C. § 1158(a)(3); Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006) (no jurisdiction to review discretionary determinations related to timeliness of asylum application). Although that jurisdictional bar does not prevent us from reviewing a colorable constitutional or legal challenge to the BIA's denial of Tounkara's request for asylum, see 8 U.S.C. § 1252(a)(2)(D); Pareja v. Att'y Gen., 615

3

F.3d 180, 186 (3d Cir. 2010), Tounkara does not raise a colorable claim here.[1]

Accordingly, we must dismiss his challenge to the denial of his asylum claim for lack of

jurisdiction.

III.

In light of the above, Tounkara's petition for review will be dismissed.

---

[1] Tounkara argues that the BIA should have applied Taslimi v. Holder, 590 F.3d 981, 987 (9th Cir. 2010), and cases cited therein, where "reasonable time period issues" were "favorably solved to the respondent." (Pet'r Br. at 13-14.) Beyond the fact that we are not bound by case law from a sister circuit, we are not persuaded by Tounkara's arguments that he has set forth a colorable claim of legal error, either based on Taslimi or on his contention that the time period during which he was unknowingly out of status should not have been counted against him. (Pet'r Br. at 8-9.)